UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIAMOND CONSTRUCTION, LLC,

Plaintiff,

v.

ATLANTIC CASUALTY INSURANCE
COMPANY,

Defendant.

CASE NO. C17-1408-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiffs' motion for reconsideration (Dkt. No. 35) of the Court's order granting Defendant Atlantic Casualty Insurance Company's motion for summary judgment (Dkt. No. 33).

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "'A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly.'" *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, No. C17-0784-JCC, Dkt. No.

61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Plaintiffs move for reconsideration on two issues. First, they assert that the Court erred by interpreting the relevant insurance policy's ongoing operations exclusion too broadly. (Dkt. No. 35 at 1.) Second, they ask the Court to change its dismissal of their bad faith and Washington Consumer Protection Act ("WCPA") claims to one without prejudice. (*Id.* at 2.)

Regarding the first ground for reconsideration, Plaintiffs merely repeat an argument they used in their opposition to summary judgment. In their response to Defendants' motion for summary judgment, Plaintiffs argued that the ongoing operations exclusion should be construed narrowly under Washington law. (Dkt. No. 19 at 12.) The Court considered, and rejected Plaintiffs' argument, citing to numerous cases that had interpreted identical policy language in a way that supported the Court's ruling. (*See* Dkt. No. 33 at 8–9.) Essentially, Plaintiffs are asking the Court to rethink what it already thought through, which is not a sufficient basis for reconsideration. *See Premier Harvest LLC*, No. C17-0784-JCC, Dkt. No. 61 at 1.

Plaintiffs second ground for reconsideration is also unavailing. Plaintiffs ask the Court "to change its Order relating to its WCPA claim and bad faith from with prejudice to without prejudice." (Dkt. No. 35 at 2.) Plaintiffs suggest this is appropriate based on its ongoing settlement negotiations with a third-party in a parallel proceeding. (*Id.*) However, the Court considered the merits of Plaintiffs' bad faith and WCPA, and granted summary judgment for Defendant. (Dkt. No. 33 at 13.) Given the Court' ruling on summary judgment, a dismissal with prejudice was appropriate. Moreover, Plaintiffs could have asked for a dismissal without prejudice as part of their summary judgment briefing, but failed to do so. Plaintiffs have not demonstrated "manifest error in the prior ruling or a showing of new facts or legal authority which could not have brought to [the Court's] attention earlier with reasonable diligence." W.D. Wash. Local Civ. R. 7(h)(1).

For those reasons, Plaintiffs' motion for reconsideration (Dkt. No. 35) is DENIED.

1       DATED this 28th day of August 2018.

2

                               <u>William M. McCool</u>

3                                Clerk of Court

4                                <u>s/Tomas Hernandez</u>

5                                Deputy Clerk

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26